United States Bankruptcy Court
Southern District of California

FILED BC

2025 DEC 11 AM 9:45

In re: Steven Moehling
Case No. 19-03857-CL13
Hon. Christopher B. Latham

## ADDENDUM – 4100R EVIDENTIARY SUMMARY

*(Supplement to Motion to Enforce Discharge Injunction) and for*

*Final Cure Determination under Rule 3002.1(h) & (i))*

## I. INTRODUCTION, PURPOSE, AND JUSTIFICATION OF ADDENDUM

Debtor submits this Addendum in support of the pending Motion to Enforce the Discharge Injunction under 11 U.S.C. §§ 524(a)(2) and 524(i), and for a Final Cure Determination under Rule 3002.1(h) and (i). Although the original Motion did not reference Rule 3002.1(h) and (i) by subsection, the Motion expressly challenged the accuracy of SPS's Form 4100R response and asserted misapplication of post-petition payments under § 524(i). A final cure determination under Rule 3002.1(h) is inherent whenever the debtor contests the 4100R, and Rule 3002.1(i) provides the procedural mechanism for addressing inaccurate or incomplete disclosures. These provisions simply govern the adjudication of the issues already raised in the Motion.

**This Addendum does not modify the relief requested in the Motion and does not expand the scope of the issues already before the Court. Its purpose is solely to present, in a consolidated and organized manner, the underlying documents, mortgage statements, Western Union payment confirmations/communication, and account records that correspond directly to the irregularities and numerical representations referenced in the Motion.**

The supporting materials compiled herein are not new evidence, but rather the same records discussed in the Motion, arranged chronologically and by accounting-era to assist the Court in evaluating the accuracy of Select Portfolio Servicing, Inc.'s ("SPS") March 11, 2024, Form 4100R response. All information contained in this Addendum is derived from (a) borrower-facing statements and payment histories issued by SPS during the Chapter 13 plan; (b) Western Union certified-funds receipts/Correspondence; and (c) documents submitted by SPS itself, including the 4100R Reconciliation Report and post-discharge Resolution Letters.

**This Addendum is offered solely to provide clarity, context, and evidentiary support for the issues identified in the Motion—specifically, the discrepancies between SPS's**

1

03857 add
43 BC

**certified 4100R delinquency, SPS's internal accounting entries, and the borrower-facing records available to the Debtor during the plan period.** Consolidating these materials allows the Court to more readily compare SPS's assertions with the corresponding statements, payment applications, and disclosures required under Rule 3002.1.

Debtor respectfully submits that its consideration is appropriate and necessary for a full and accurate determination of the issues raised under 11 U.S.C. § 524(i) and Rule 3002.1(h)–(i).

Debtor reiterates that any separate causes of action arising under non-bankruptcy federal or state consumer-protection statutes are, and will remain, the subject of independent proceedings in the United States District Court.

---

## II. ASSOCIATED EXHIBITS AS REFERENCE

**Exhibit F** - HISTORICAL CONVERGENCE OF POST-PETITION ACCOUNTING AND 4100R DELINQUENCY DISCREPANCY ANALYSIS (Pages 8-12)

**Exhibit G** - APRIL 28, 2020, STIPULATION GRANTING ADEQUATE PROTECTION (Pages 13-17)

**Exhibit H** - STIPULATION ARREARS PERIOD – WESTERN UNION HISTORY REPORT (MAY 2020 – NOVEMBER 2020) – DECEMBER 2020 AND JANUARY 2021 CASHIER'S CHECKS (Pages 18-20)

**Exhibit I** - MAY, JUNE, JULY 2020 DEBTOR MORTGAGE STATEMENTS (Pages 21-25) Early Stipulation Mortgage statements

**Exhibit J** - DECEMBER 2020, JANUARY, FEBRUARY 2021 DEBTOR MORTGAGE STATEMENTS (Pages 26-30) Statements reflecting the end of the arrears period.

**Exhibit K** - WESTERN UNION FORMAL REQUEST AND VERIFICATION OF DECEMBER 2020 TRANSACTION (Pages 31-33)

**Exhibit L** - SELECT PORTFOLIO SERVICING, INC., RESOLUTION LETTER 7 – RESPONSE TO DEBTOR'S FTC COMPLAINT AND SUBSEQUENT CFPB DEMAND FOR RESPONSE (Pages 34-38)

---

## III. APPLICATION OF AMENDMENTS TO RULE 3002.1

This motion proceeds under the version of Rule 3002.1 that governed during the administration and closure of Debtor's Chapter 13 case in 2024. That version of the Rule already required mortgage servicers to accurately apply payments, maintain transparent accounting, and provide a truthful and complete response to a Notice of Final Cure.

The subsequent amendments to Rule 3002.1, effective December 1, 2025, are not retroactive and are not invoked as controlling authority here. They are noted only because they address the same long-standing concerns that the Advisory Committee, courts, and practitioners had previously identified, many of which are reflected in the accounting issues that arose in this case.

The 2025 amendments clarify and reinforce duties that already existed under the pre-amendment Rule, including the obligation to correctly apply payments, avoid undisclosed suspense activity or internal reallocations, and ensure that the Form 4100R accurately reflects the debtor's post-petition performance.

Thus, although this motion relies solely on the Rule as it stood in 2024, the subsequent amendments underscore that the problems encountered here—misapplication of payments, borrower-invisible accounting entries, inaccurate cure responses, and post-discharge reframing of delinquency—are precisely the types of issues Rule 3002.1 has long been designed to prevent.

## IV. DETAILED NARRATIVE OF 4100R DEFECTS

SPS's claim of post-petition delinquency contradicts the Trustee's Notice of Final Cure, the Trustee's ledger, and SPS's own borrower-facing statements. No delinquency-related Rule 3002.1 notices were filed during the Plan.

No record in the Debtor-facing history shows a June 2020 missed payment. That allegation appears for the first time post-discharge and is repeated in multiple Resolution Letters.

The alleged May 30, 2020, and July 13, 2020, payment entries appear only in SPS's internal accounting attached to the 4100R. These entries were not reflected on the May–July 2020 statements available to the Debtor.

Likewise, the alleged duplicate payments on August 10, 2020; October 12, 2020; and January 15, 2021, do not appear in the Debtor-facing history reports or monthly mortgage statements.

SPS's April 2024 "short payment" application is omitted from the 4100R. This omission makes the reported $1,320.88 "Total Suspense" figure inaccurate.

Additionally, the suspense activity that SPS cites in support of its delinquency theory was never disclosed in borrower-facing statements or Rule 3002.1(b) or (c) notices.

---

## V. RULE 3002.1(h) – IMPACT ON FINAL CURE DETERMINATION

Under Rule 3002.1(h), the Court may determine that the mortgage is fully cured and that the Debtor is current on all post-petition obligations where a servicer's 4100R response contradicts the Trustee's Notice of Final Cure or relies on undisclosed accounting entries. The evidentiary conflict between SPS's 4100R assertions and the Trustee ledger, borrower-facing statements, and third-party records supports a determination that no post-petition delinquency existed as of discharge.

---

## VI. § 524(i) - PRECLUSION CLAUSE AND EFFECT ON LATE-DISCLOSED EVIDENCE

Section 524(i) places the responsibility for the proper application of Chapter 13 payments on the mortgage servicer, and the statute is directed to servicer conduct rather than debtor oversight. The provision allows a debtor to seek relief for payment-application issues even if the matter was not raised during the bankruptcy case, particularly where the debtor did not have access to the underlying accounting information.

Courts interpreting § 524(i) have noted that internal accounting records or post-hoc explanations that were not disclosed during the bankruptcy case may not be relied upon to defend a post-discharge misapplication issue, because the debtor is not in a position to detect or correct discrepancies that were not available through borrower-facing disclosures. In this sense, § 524(i) functions to prevent a creditor from arguing that the debtor should have raised a misapplication concern earlier, or from relying on undisclosed accounting information for the first time in opposition to a post-discharge motion.

In this matter, the record reflects that Debtor did not receive post-petition delinquency notices or internal accounting detail until March 18, 2024—approximately eighteen days before discharge—and certain information, including Western Union payment-application detail and reconciliation of the $6,021.17 delinquency figure, was not provided during the case. Consistent with § 524(i) and the structure of Rule 3002.1, issues relating to payment application may still be raised post-discharge, and information not disclosed during the bankruptcy proceeding should not be considered for the first time in evaluating the matters raised under § 524(i) or Rule 3002.1(h)–(i).

4

## VII: MOTION IN LIMINE TO PRECLUDE LATE-DISCLOSED ACCOUNTING MATERIALS

### A. Purpose of Motion

This Motion in Limine is submitted to ensure that the evidentiary record in this Rule 3002.1(h)–(i) and § 524(i) proceeding is limited to information that was disclosed during the bankruptcy case and available to the Court, Trustee, and Debtor at the relevant time. Because Rule 3002.1 is designed to promote transparency in mortgage accounting during case administration, and § 524(i) focuses on the application of payments during the case rather than post-hoc explanations, this Motion seeks clarification that late disclosed or post-discharge accounting records should not be introduced for the first time in connection with this proceeding.

Debtor respectfully requests that the Court limit the evidentiary record to materials disclosed during the Chapter 13 case and preclude Select Portfolio Servicing, Inc. ("SPS") from introducing any internal accounting information, Western Union payment details, or reconstructed payment histories that were not made available to Debtor, the Trustee, or the Court during case administration or as part of SPS's Rule 3002.1 filings.

This request is made to preserve the integrity of the Rule 3002.1 process, which relies on timely and accurate disclosure of mortgage payment information during the bankruptcy case.

### B. Basis for Relief Under § 524(i) and Rule 3002.1

Section 524(i) places responsibility for the correct application of payments on the servicer, and courts applying this provision recognize that a debtor is not expected to identify or detect internal accounting discrepancies when the information is uniquely within the creditor's control.1 Rule 3002.1 similarly requires timely disclosure of payment status, escrow changes, and post-petition arrearages so that the debtor and trustee have contemporaneous and accurate information throughout the case.

Where a creditor does not disclose accounting information during the bankruptcy case, courts have held that such information should not be introduced for the first time post-discharge in opposition to a motion under § 524(i) or Rule 3002.1(h)–(i). Allowing the late introduction of undisclosed records would undermine the purpose of the rule and impair the debtor's ability to seek meaningful review.

### C. Application to This Case

In this matter, internal accounting details associated with certified funds, suspense movements, and Western Union posting data were not reflected in the borrower-facing account histories, Monthly Statements, or in the Form 4100R during case administration.

5

Debtor did not receive account records showing these internal entries, and they were not disclosed to the Trustee or the Court prior to case closure.

To ensure that review under § 524(i) is based on the information actually available during the bankruptcy case, Debtor respectfully requests that SPS be precluded from introducing for the first time:

1. Internal loan histories or reconstructed payment ledgers not previously disclosed;

2. Western Union or certified-funds processing information not included in borrower-facing records during the case;

3. Suspense-account entries, reversals, or adjustments not reflected in Rule 3002.1 filings;

4. Any accounting materials inconsistent with or omitted from the Form 4100R; and

5. Any post-discharge reconstruction of delinquency figures or payment application not disclosed during the Chapter 13 proceeding.

This limitation is consistent with the evidentiary framework of Rule 3002.1 and the statutory protections of § 524(i).

### D. SPS's failure to address any factual accounting

Respondent's Opposition is notably silent regarding the factual accounting issues raised in the Motion. SPS does not dispute the existence of undisclosed internal entries, the four duplicate payment postings, the absence of Western Union documentation during the case, or the fact that the asserted $6,021.17 delinquency appeared for the first time only in the March 11, 2024, Form 4100R. SPS's failure to address any of these underlying issues indicates that it intends to rely on post-discharge reconstruction or internal accounting materials not disclosed during the bankruptcy case. This silence underscores the need for preclusion, as Rule 3002.1 was designed to prevent creditors from withholding accounting records during the case and then introducing them after discharge to justify a claimed delinquency.

### D. Relief Requested

Debtor respectfully requests that the Court enter an order precluding SPS from offering, relying on, or submitting any accounting materials or payment-application records that were not made available during case administration or included in the Form 4100R and other Rule 3002.1 disclosures.

## VII. RULE 3002.1(i) – BASIS FOR SANCTIONS

Rule 3002.1(i) authorizes sanctions, including preclusion of evidence and fee-shifting, where a servicer fails to provide accurate information under Rule 3002.1(b), (c), or (f), or fails to give required notice of post-petition changes.

SPS introduced new delinquency assertions only through the 4100R response and associated internal accounting. SPS filed no prior Rule 3002.1(b) or (c) notices regarding alleged missed payments, short payments, suspense activity, or escrow-based deficiencies.

These omissions justify corrective relief and sanctions under Rule 3002.1(i).

## VIII. CONCLUSION

SPS affirmed that all pre-petition arrears were cured but introduced borrower-invisible delinquency assertions for the first time in its March 11, 2024, Form 4100R.

The three-era mortgage statements, Trustee records, Western Union histories, and the Stipulation collectively demonstrate that the mortgage was fully cured and current as of discharge.

The inconsistencies within the 4100R, combined with SPS's post-discharge reframing of delinquency, show that the 4100R is not reliable.

These defects justify a determination of final cure under Rule 3002.1(h) and sanctions and/or preclusive relief under Rule 3002.1(i).

Exhibit F

United States Bankruptcy Court
Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 - Hon. Christopher B. Latham

**EXHIBIT F**

HISTORICAL CONVERGENCE OF POST-PETITION ACCOUNTING AND 4100R
DELINQUENCY DISCREPANCY ANALYSIS

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§
524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h)
& (i))

Sources:

- Select Portfolio Servicing, Inc. (SPS)

On March 11, 2024, SPS filed a Form 4100R asserting that Debtor was **$6,021.17**
delinquent. Debtor thereafter made a full March 2024 payment of **$1,865.95** and a
suspense "Short Payment "was applied by SPS on April 23, 2024, for **$1,442.63**, both
posted by SPS before the Chapter 13 case was administratively closed on April 29, 2024.
If those payments had been properly credited to the delinquency reported in the 4100R,
the outstanding amount should have been reduced to **$2,712.59** ($6,021.17 – $1,865.95 –
$1,442.63), and SPS should have amended its 4100R or otherwise corrected the record
considering the significance of Debtor's successful Discharge on April 4, 2024. SPS did
not amend or update the Form 4100R following Debtor's discharge, and no corrected
accounting was provided until the first Resolution Letter and immediate Notice of
Default. This left the Debtor without reliable notice of the status of any remaining
mortgage obligation. In contrast, SPS failed to file any motions, ex parte Declarations of
Non-Cure, when the 4100R identified 90-days delinquent or more for years.

In the June 17, 2024, resolution letter, SPS instead re-characterized Debtor's delinquency
as "two mortgage payments," totaling **$3,731.90** (2 × $1,865.95). This figure is **$1,019.31**
**higher** than the mathematically correct remainder of **$2,712.59** after application of
Debtor's March and April payments. SPS has not provided any clear explanation for this
additional $1,019.31, nor did it amend the 4100R to reflect accurate, post-payment cure
status before the case was closed thus, memorializing the $6,021.17 delinquency on the
record.

8

Exhibit F

This internal inconsistency between the 4100R, the subsequent payments, and SPS's later "two-payment" narrative demonstrates that Debtor's payments were not correctly credited under the confirmed Plan, and that the 4100R did not provide the Court and Trustee with accurate information as required by Rule 3002.1.

The following breakdown is consistent with the stated delinquency by SPS. This exhibit, **combined with Exhibit E** - HISTORICAL CONVERGENCE OF TRUSTEE DISBURSEMENTS AND PLAN END-DATE suggests SPS may have been required to reconcile **$12,937.58 in unresolved suspense ($8,429.87 post-petition and $4,507.71 pre-petition) prior to the March 11, 2024, certification.**

This Exhibit summarizes the numerical creation stated in the **Post-petition Mortgage status identified in Part 3 of the Form 4100R. This section shows:**

    a) **$7,342.05** – Total post-petition ongoing payments due
    b) **-$1,320.88** – Total Suspense
    c) **$6,021.17** – Total: Subtract lines a and b.

---

### I.    4100R DELINQUENCY ORIGIN?

**Ghost-Posted and Duplicate Transactions in SPS's Internal Ledgers**

Since the March 18, 2024, discovery of SPS' claimed "delinquency" identified within the 4100R, Debtor has repeatedly requested which months SPS identified Debtor as delinquent. The months identified on the 4100R form (December 2023 – March 2024) change as new payments are applied and Debtor has already confirmed receipt of the payments associated with these months. Since the SPS 4100R Reconciliation Report is a "running delinquency ledger", failing to identify "actual months missed", Debtor has been required to reconstruct probabilities as seven (7) Resolution Letters failed to reconcile the stated delinquency of $6,021.17 certified in the 4100R.

SPS's internal Transaction History contains five post-petition entries not reflected on borrower-facing statements. "Ghost payments" appear independently and not reflected in debtor-facing history reports or mortgage payments, whereas "duplicate payments" appear the same day as debtor payments, however, these also do not appear in history reports or mortgage statements.

9

Exhibit F

**Date**      **Amount**   **Description**

05/30/2020 $1,682.19 Ghost-posted payment

07/13/2020 $1,682.19 Ghost-posted payment

08/10/2020 $1,682.19 Duplicate entry

10/12/2020 $1,682.19 Duplicate entry

01/15/2021 $1,701.11 Duplicate entry

**Total ghost/duplicate activity: $8,429.87**

The 4100R identifies **$7,342.05** as post-petition arrears.

**Difference:**     $8,429.87 − $7,342.05 = $1,087.82

**$1,087.82** of SPS's internal activity is **not accounted for anywhere in the 4100R** but will reappear post-discharge, post-plan administration as identified in section II below.

---

**II. SPS Reframed Delinquency After Discharge**

**In its June 17, 2024, Resolution Letter, and subsequent Notice of Default less than 24 hours later, SPS abandoned the 4100R's $6,021.17 figure and instead asserted:**

- **Two mortgage payments = $3,731.90**

**But the corrected 4100R delinquency was $2,712.58.**

**Difference:**

$$\$3{,}731.90 - \$2{,}712.58 = \$1{,}019.32$$

**SPS inflated the post-discharge/post-administrative closing delinquency by $1,019.32. The March 2024 Debtor mortgage payment and the April suspense "Short Payment" are critical to the reconciliation of the $6,021.17 but has been unaddressed in all Resolution Letters.**

---

10

Exhibit F

### III. Numerical Alignment of the Two Inconsistencies

<u>Compare:</u>

- **Ghost/Duplicate Gap: $1,087.82**

- **Post-Discharge Inflation: $1,019.32**

<u>Difference:</u>

$$\underline{\$1,087.82 - \$1,019.32 = \$68.50}$$

The numbers nearly match, differing by only $68.50, suggesting SPS incorporated uncredited or undisclosed 2020 post-petition activity into its 2024 post-discharge delinquency calculation—without ever correcting the 4100R thus memorializing and inflating Debtor's delinquency status.

### IV. Alternate Months Considered

With the inability to identify actual claimed missed payments during the plan, Debtor has identified the "Ghost" and "Duplicate" payments introduced within the 4100R as the source of the stated delinquency. However, SPS made a claim in Resolution Letter number 7 of 7 dated September 15, 2025, (1 year, 5 months into the dispute) that Debtor missed four (4) payments during the plan that included May 2021, August 2021, October 2021, June 2022, December 2023 (four stated, five listed). The following SPS ledger entries dismiss this claim:

- "Four months where payments were missed during bankruptcy: May 2021, August 2021, October 2021, June 2022, and December 2023.".

    1) May 2021 recorded by SPS on 6/2/21

    2) August 2021 recorded by SPS on 9/9/21

    3) October 2021 recorded by SPS on 11/2/21

    4) June 2022 recorded by SPS on 7/12/22

    5) December 2023 recorded by SPS on 01/02/24

11

Exhibit F

**To reconcile all potential sources, the Debtor has calculated the following:**

May 2021 - $1,701.11
August 2021 - $1,701.11
October 2021 - $1,701.11
June 2022 - $1,706.83
December 2023 - $1,742.46

**Total: $8,552.62**

**Amount SPS claimed as delinquent in 4100R: $7,342.05**

**($8,552.62 - $7,342.05 = $1,210.57)**

*This calculation is very similar to the "Ghost" and "Duplicate" payments identified in Exhibit F above. Regardless of which scenario is applied, the calculations remain consistent as a potential manufactured delinquency **based upon all payments timely received years prior.***

---

**IV. Conclusion**

The numerical patterns demonstrate:

1. the 4100R **did not accurately reflect** SPS's internal accounting.

2. SPS failed to credit plan-period payments correctly.

3. **SPS created a 4100R delinquency based upon debtor funds timely received years earlier.**

4. SPS inflated the **post-discharge** delinquency

5. SPS never amended its Bankruptcy Rule 3002.1 filing, as required.

6. these defects support relief under **Rule 3002.1(h)–(i) and 11 U.S.C. § 524**

12

Exhibit G

United States Bankruptcy Court
Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 - Hon. Christopher B. Latham

**EXHIBIT G**

APRIL 28, 2020, STIPULATION GRANTING ADEQUATE PROTECTION

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§
524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h)
& (i))

Sources:

- Select Portfolio Servicing, Inc. (SPS) via counsel of record Tiffany & Bosco, P.A.

The Stipulation Granting Adequate Protection was more than a post-petition repayment plan. SPS was granted extraordinary relief as SPS was authorized to file an ex parte Declaration of Non Cure in the event Debtor missed a contractual mortgage payment and/or Stipulation arrears payment. This was not limited to the arrears repayment period of May 1, 2020, through January 15, 2021, as the enforcement mechanism would remain available throughout the balance of the plan consisting of nearly four years of performance.

Debtor was well aware of the circumstances of this potential trigger event and all contractual post-petition mortgage and arrears payments (May 2020- January 2021) were made in certified funds only (Western Union and/or Cashier's Checks). Once the Stipulation period was completed in January 2021, Debtor dedicated every other paycheck, regardless of any financial hardship, to ensure compliance with the new Plan.

**Since the April 28, 2020, filing of the Stipulation Agreement, Debtor has made all mortgage and Stipulation payments as the receipts verify. In four years of plan performance, SPS did not exercise the ex parte Declaration of Non Cure, filed no adverse motions, and failed to file any delinquency or Default designations even though the 4100R shows a consistent 90-day delinquency throughout the plan.**

13

Exhibit G

# TIFFANY & BOSCO
### P.A.

MEGAN E. LEES (SBN 277805)
mel@tblaw.com
ROBERT P. ZAHRADKA (SBN 282706)
rpz@tblaw.com
1455 Frazee Road, Suite 820
San Diego, CA 92108
Phone: (619) 501-3503

Attorneys for Creditor: Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1
TB File No.: 19-81212

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Steven Michael Moehling aka Steve Michael Moehling,<br><br>Debtor. | CASE NO.: 19-03857-LT13<br><br>CHAPTER 13<br><br>RS NO: RPZ-1<br><br>**STIPULATION GRANTING ADEQUATE PROTECTION**<br><br>**HEARING:**<br><br>DATE: April 28, 2020<br>TIME: 2:00 p.m.<br>DEPT: 3<br>ROOM: 129 |

This Stipulation is entered into by and between the Secured Creditor, Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1 (hereinafter "Movant"), and Steven Michael Moehling aka Steve Michael Moehling (hereinafter "Debtor") by and through his respective attorneys of record.

The property which is the subject of this matter is commonly known as 5420 Old Ranch Rd, Oceanside, California 92057, which is more fully described as follows:

SEE LEGAL DESCRIPTION ATTACHED AS EXHIBIT A TO MOTION FOR RELIEF FROM STAY, DOCKET ENTRY NO. 17

14

Exhibit G

THE PARTIES STIPULATE AS FOLLOWS:

1)      Debtor shall tender regular monthly payments in the amount of $1,682.19, which is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing May 1, 2020, and continuing until such outstanding amounts under the Note are paid in full. Payments are to be remitted to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City UT 84165-0450.

2)      The post-petition arrears are calculated as follows:

| | |
|---|---|
| Five (5) Monthly Payments@ $1,682.19 (12/1/2019-4/1/2020): | $8,410.95 |
| Less Debtor's Suspense: | ($189.05) |
| TOTAL: | $8,221.90 |

3)      The post-petition arrears in the amount of $8,221.90 shall be tendered in equal monthly installments of $913.55 commencing May 15, 2020 and continuing thereafter through and including December 15, 2020, and a payment of $913.50 due on or before January 15, 2021.

4)      If applicable, Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance on a timely basis.

5)      In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtor at 5420 Old Ranch Road, Oceanside, CA 92057, and to Debtor's attorney of record Andrew Moher at Moher Law Group, 418 3rd Avenue, Suite E, San Diego, CA 92101, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

STIPULATION GRANTING ADEQUATE PROTECTION      2                                                    Case No: 19-03857-LT13

Exhibit G

6)      Movant shall comply with the above provisions as to the first three (3) defaults. Upon the fourth (4th) default, Movant may file an Ex Parte Declaration of Default and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

7)      The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

8)      In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9)      The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor(s).

10)      Any notice that Movant shall give to Debtor(s), or attorney for Debtor(s), pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

11)      In the event of termination of the automatic stay pursuant to the terms herein, and upon entry of an order termination the automatic stay, the parties agree that Trustee shall cease payment on Movant's Claim No. 5.

I.I.I

I.I.I

I.I.I

I.I.I

I.I.I

STIPULATION GRANTING ADEQUATE PROTECTION      3                    Case No: 19-03857-LT13

16

Exhibit G

12) The guideline fee of $675.00 for Debtor's Counsel's opposition to the Motion for Relief is approved to be paid as an administrative claim, subject to funds on hand.

IT IS SO STIPULATED:

DATED:_____          Tiffany & Bosco, P.A.

                                        _____
                                        Robert P. Zahradka
                                        Attorney for Movant


DATED:_____          Moher Law Group

                                        _____
                                        Andrew Moher
                                        Attorney for Debtor

STIPULATION GRANTING ADEQUATE PROTECTION      4                    Case No: 19-03857-LT13

17

Exhibit H

United States Bankruptcy Court
Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 - Hon. Christopher B. Latham

## EXHIBIT H

STIPULATION ARREARS PERIOD – WESTERN UNION HISTORY REPORT
(MAY 2020 – NOVEMBER 2020) – DECEMBER 2020 AND JANUARY 2021
CASHIER'S CHECKS

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§
524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h)
& (i))

Sources:

- Western Union (Debtor Account)
- Debtor

The Debtor's Western Union Report was generated by Western Union and reflects the direct payment sequence with Select Portfolio Servicing, Inc. during the May 2020 – January 2021 arrears period. The transaction dates within the report are easily identified within the debtor-facing Transaction History Report; separated by only a few days per transaction.

18

# Western Union

## TRANSFER HISTORY REPORT for Sent Money Transfers*

| MTCN | SENDER'S NAME | SEND DATE | SEND AMOUNT AND CURRENCY | FEES | RECEIVER'S NAME | PAID DATE | PAID AMOUNT AND CURRENCY | DESTINATION |
|---|---|---|---|---|---|---|---|---|
| 4128248379 | STEVEN MOEHLING | 4/15/2021 | USD 900.00 | USD 3.95 | PAYCHEK PLUS VISA | 4/15/2021 | USD 900.00 | UNITED STATES |
| 4171296278 | STEVEN MOEHLING | 11/13/2020 | USD 2,620.00 | USD 22.99 | SELECT PORTFOLIO SERVICING | 11/13/2020 | USD 2,620.00 | UNITED STATES |
| 0327823779 | STEVEN MOEHLING | 10/11/2020 | USD 2,620.00 | USD 22.99 | SELECT PORTFOLIO SERVICING | 10/11/2020 | USD 2,620.00 | UNITED STATES |
| 1201443247 | STEVEN MOEHLING | 9/12/2020 | USD 2,620.00 | USD 21.50 | SELECT PORTFOLIO SERVICING | 9/12/2020 | USD 2,620.00 | UNITED STATES |
| 1623861550 | STEVEN MOEHLING | 8/7/2020 | USD 2,600.00 | USD 21.50 | SELECT PORTFOLIO SERVICING | 8/7/2020 | USD 2,600.00 | UNITED STATES |
| 6030422795 | STEVEN MOEHLING | 7/21/2020 | USD 450.00 | USD 14.50 | SELECT PORTFOLIO SERVICING | 7/21/2020 | USD 450.00 | UNITED STATES |
| 3171048136 | STEVEN MOEHLING | 7/10/2020 | USD 2,200.00 | USD 21.50 | SELECT PORTFOLIO SERVICING | 7/10/2020 | USD 2,200.00 | UNITED STATES |
| 8364913490 | STEVEN MOEHLING | 6/12/2020 | USD 1,300.00 | USD 18.50 | SELECT PORTFOLIO SERVICING | 6/12/2020 | USD 1,300.00 | UNITED STATES |
| 9188575683 | STEVEN MOEHLING | 5/29/2020 | USD 1,300.00 | USD 18.50 | SELECT PORTFOLIO SERVICING | 5/29/2020 | USD 1,300.00 | UNITED STATES |
| 7791109269 | STEVEN MOEHLING | 5/18/2020 | USD 1,300.00 | USD 18.50 | SELECT PORTFOLIO SERVICING | 5/18/2020 | USD 1,300.00 | UNITED STATES |
| 1334581419 | STEVEN MOEHLING | 5/1/2020 | USD 1,300.00 | USD 18.50 | SELECT PORTFOLIO SERVICING | 5/1/2020 | USD 1,300.00 | UNITED STATES |

* If you requested information regarding money transfers sent over 5 years ago, this list may not be complete due to system limitations.

If you find errors, send us an email at customeraccess.request@westernunion.com so we can correct incomplete or inaccurate information.

Exhibit H

19

Exhibit H



December 2020 and January 2021 Final Stipulation Arrears Payments

Exhibit I

United States Bankruptcy Court
Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 - Hon. Christopher B. Latham

## EXHIBIT I

MAY, JUNE, JULY 2020 DEBTOR MORTGAGE STATEMENTS

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§ 524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h) & (i))

Sources:

- Select Portfolio Servicing, Inc.

The May, June, and July 2020 Debtor-facing mortgage statements reflect the early Stipulation period transactions. In addition, the two "Ghost" Payments" (May 30, 2020, and July 13, 2020) occur during this time period. *Key items of interest include:*

**May 2020 Statement:**

**"Transaction Activity" box reflects:**

- Incoming Western Union payment of $1,300 being applied to Unapplied Funds as expected

**June 2020 Statement:**

**"Transaction Activity" box reflects:**

- Contractual Debtor mortgage payment recorded 5/19/2020

*No additional mortgage payment is seen recorded on the Debtor-facing mortgage statement even though a May 30, 2020, contractual payment was Certified in the 4100R on March 11, 2024, filing.*

**"Past Payments Breakdown" box reflects:**

Under "Paid Last Month", the only funds identified are the May 4 ($1,300 and May 19 $1,300 = $2,600.00 sent by the Debtor. No May 30, 2020, mortgage payment exists suggesting reconstruction at another time.

21

Exhibit I

**<u>July 2020 Statement:</u>**

**"Transaction Activity" box reflects:**

- **July 13, 2020, Incoming Debtor Payment of $2,200.00 broken down as ($913.55 and $1,286.45) and applied to Unapplied Balance.**
- **No mortgage payment applied until July 28, 2020 (appears in the August 2020 statement).**
- **The July 28, 2020, mortgage payment was applied from Suspense.  However, the Transaction History Report and/or mortgage statement do not provide clarification of which were applied (Debtor vs. Trustee). As of July 28, 2020, the Trustee had just sent in sufficient funds accumulating to make the first pre-petition mortgage payment. Debtor has been unable to monitor plan performance without these distinctions.**

**"Explanation of Payment Amount (Post Petition)" box reflects:**

- In just 60 days, Unapplied payments had reached **$4,233.70 on July 15, 2020**. However, the debtor facing Transaction History Report shows **$0.00** in Unapplied Funds, and the 4100R Reconciliation Report filed March 11, 2024, shows **$1,256.03** at this time.
- **Total Payment Amount = -$860.29**. Sending the Debtor a statement reflecting a negative amount due especially during a Stipulation period can only create confusion. However, the Debtor was diligent relating to the terms of the Stipulation Agreement and successfully completed the Plan.

22

Exhibit I

**SPS** SELECT Portfolio SERVICING, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date:05/15/2020
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 1746582 000045954 1300

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD OCEANSIDE CA 92057 |
| Post Petition Due Date | 05/01/2020 |
| Statement Due Date | 06/01/2020 |
| **Payment Amount** | **$1,875.33** |

### Explanation of Payment Amount (Post Petition)

| | | |
|---|---|---|
| Principal | | $310.06 |
| Interest | | $1,019.35 |
| Escrow (Taxes and Insurance) | | $352.78 |
| Regular Monthly Payment | | 1,682.19 |
| Other Charges and Fees | | $0.00 |
| Charges / Fees this Period | $0.00 | |
| Past Unpaid Amount(s) | | $1,682.19 |
| Unapplied Payment(s) ³ | | $1,489.05 |
| Total Payment Amount | | $1,875.33 |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy.

### Bankruptcy Message

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $262,025.92 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal ¹ | $359,020.51 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

### Transaction Activity (04/15/2020 to 05/15/2020)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total ¹ |
|---|---|---|---|---|---|---|---|---|---|
| 04-15 | BEG BALANCE | $359,020.51 | $15,434.24 | $4,533.31 | $0.00 | ($195.50) | $0.00 | $1,302.90 | $380,094.56 |
| 04-22 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (500.00) | 0.00 | 0.00 | (500.00) |
| 04-30 | PAYMENT | 0.00 | 0.00 | (500.00) | 0.00 | 500.00 | 0.00 | 0.00 | 0.00 |
| 05-04 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (1,300.00) | 0.00 | 0.00 | (1,300.00) |
| 05-15 | ENDING BALANCE | $359,020.51 | $15,434.24 | $4,033.31 | $0.00 | ($1,495.50) | $0.00 | $1,302.90 | $378,294.56 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $580.99 |
| Interest | $0.00 | $2,077.83 |
| Escrow (Taxes and Insurance) | $500.00 | $1,493.48 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,300.00 | |
| Total | $1,800.00 | $4,152.30 |
| Total Unapplied Balance | $1,495.50 ³ | |

### Important Messages

**COVID-19:** Visit www.spservicing.com for important details on how we are responding to the COVID-19 pandemic, including assistance options that may be available.

¹ This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

³ Partial payments or overpayments are treated as unapplied funds until we receive enough for a full principal and interest payment at which time we will credit your account for the principal and interest payment. There may be other options available to you depending on the account's status. If you are interested in learning about other options that might be available to have these funds applied to the account, please contact us at (800) 258-8602.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| | | |
|---|---|---|
| Paid Last Month | $500.00 | This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments. |
| Total Paid During Bankruptcy | $1,201.11 | |
| Current Balance | $15,634.19 | |

*Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.*

### Payment Amount

| Borrower Name(s) | Steven Moehling 5420 Old Ranch Rd |
|---|---|
| Account Number | 0017539180 |

**Payment Date 06/01/2020: $1,875.33**
Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

☐ Change of address or telephone? If so, check here and note changes on back.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not send your payments to us. Instead you should send your payment to the Trustee.

| | |
|---|---|
| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| | |
| Total Amount Enclosed | $ |

2771 0017539180 0000168219 0000173662 0

## Exhibit I

**SPS SELECT Portfolio SERVICING, inc.**
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date: 06/12/2020
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 1550017 000044131 1300

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD |
| | OCEANSIDE CA 92057 |
| Post Petition Due Date | 06/01/2020 |
| Statement Due Date | 07/01/2020 |
| **Payment Amount** | **$957.52** |

### Bankruptcy Message

**Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.**

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

### Explanation of Payment Amount (Post Petition)

| | | |
|---|---|---|
| Principal | | $311.29 |
| Interest | | $1,018.12 |
| Escrow (Taxes and Insurance) | | $352.78 |
| Regular Monthly Payment | | 1,682.19 |
| Other Charges and Fees | | $0.00 |
| Charges / Fees this Period | $0.00 | |
| Past Unpaid Amount(s) | | $1,682.19 |
| Unapplied Payment(s) [3] | | $2,406.86 |
| **Total Payment Amount** | | **$957.52** |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $261,733.70 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal [1] | $358,728.29 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

### Transaction Activity  (05/16/2020 to 06/12/2020)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 05/16 | BEG BALANCE | $359,020.51 | $16,453.59 | $4,033.31 | $0.00 | ($1,495.50) | $0.00 | $1,362.00 | $379,313.91 |
| 05/19 | PAYMENT | (292.22) | (1,037.19) | (351.49) | 0.00 | 380.90 | 0.00 | 0.00 | (1,300.00) |
| 05/30 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (913.55) | 0.00 | 0.00 | (913.55) |
| 05/30 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (386.45) | 0.00 | 0.00 | (386.45) |
| 06/12 | ENDING BALANCE | $358,728.29 | $15,416.40 | $3,681.82 | $0.00 | ($2,414.60) | $0.00 | $1,362.00 | $376,713.91 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $292.22 | $873.21 |
| Interest | $1,037.19 | $3,115.02 |
| Escrow (Taxes and Insurance) | $351.49 | $1,844.97 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $919.10 | |
| Total | $2,600.00 | $5,833.20 |
| Total Unapplied Balance | $2,414.60 [3] | |

### Important Messages

All communication sent to you by SPS is always available on our website: www.spservicing.com.  For faster access to written communication and documents, please log in to your customer account on our website to view.

[1] This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

[3] Partial payments or overpayments are treated as unapplied funds until we receive enough for a full principal and interest payment at which time we will credit your account for the principal and interest payment.  There may be other options available to you depending on the account's status.  If you are interested in learning about other options that might be available to have these funds applied to the account, please contact us at (800) 258-8602.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| | | |
|---|---|---|
| Paid Last Month | $0.00 | This box shows amounts that were past due when you filed for bankruptcy.  It may also include other allowed amounts on your mortgage loan.  The Trustee is sending us the payments shown here.  These are separate from your regular monthly mortgage payments. |
| Total Paid During Bankruptcy | $1,201.11 | |
| Current Balance | $15,634.19 | |

**Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.**

### Payment Amount

| Borrower Name(s) | Steven Moehling |
|---|---|
| | 5420 Old Ranch Rd |
| Account Number | 0017539180 |

**Payment Date 07/01/2020: $957.52**
Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

Change of address or telephone? If so, check here and note changes on back.

**If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not sent your payments to us. Instead you should send your payment to the Trustee.**

| | |
|---|---|
| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| **Total Amount Enclosed** | $ |

2771 0017539180 0000168219 0000173662 0

24

Exhibit I

**SPS** SELECT *Portfolio* SERVICING, inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date:07/15/2020
Page 1 of 5

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday              8:00AM - 9:00PM ET
Saturday            8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 1958345 000003628 1301   P3 P4 P5

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD<br>OCEANSIDE CA 92057 |
| Post Petition Due Date | 07/01/2020 |
| Statement Due Date | 08/01/2020 |
| **Payment Amount** | **$-860.29** |

**Explanation of Payment Amount (Post Petition)**

| | |
|---|---|
| Principal | $312.52 |
| Interest | $1,016.89 |
| Escrow (Taxes and Insurance) | $352.78 |
| **Regular Monthly Payment** | **1,682.19** |
| Other Charges and Fees | $0.00 |
| Charges / Fees this Period | $0.00 |
| Past Unpaid Amount(s) | $1,682.19 |
| Unapplied Payment(s) [3] | $4,224.67 |
| **Total Payment Amount** | **$-860.29** |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy.

**Bankruptcy Message**

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

**Account Information**

| | |
|---|---|
| Interest Bearing Principal | $261,440.32 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal [1] | $358,434.91 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

**Transaction Activity (06/13/2020 to 07/15/2020)**

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 06.13 | BEG BALANCE | $358,728.29 | $16,434.52 | $3,681.62 | $0.00 | ($2,414.60) | $0.00 | $1,302.00 | $377,732.03 |
| 06.15 | PAYMENT | (293.38) | (1,036.93) | (351.49) | 0.00 | 380.90 | 0.00 | 0.00 | (1,300.00) |
| 06.30 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (394.27) | 0.00 | 0.00 | (394.27) |
| 07.02 | PAYMENT | 0.00 | 0.00 | (394.27) | 0.00 | 394.27 | 0.00 | 0.00 | 0.00 |
| 07.13 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (913.55) | 0.00 | 0.00 | (913.55) |

Continued On Next Page

**Past Payments Breakdown**

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $293.38 | $1,166.59 |
| Interest | $1,036.03 | $4,151.05 |
| Escrow (Taxes and Insurance) | $745.76 | $2,590.73 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,819.10 | |
| **Total** | **$3,894.27** | **$7,908.37** |
| Total Unapplied Balance | $4,233.70 [3] | |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

[1] This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

[3] Partial payments or overpayments are treated as unapplied funds until we receive enough for a full principal and interest payment at which time we will credit your account for the principal and interest payment. There may be other options available to you depending on the account's status. If you are interested in learning about other options that might be available to have these funds applied to the account, please contact us at (800) 258-8602.

**Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)**

| | |
|---|---|
| Paid Last Month | $394.27 |
| Total Paid During Bankruptcy | $1,595.38 |
| Current Balance | $15,239.92 |

This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments.

*Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.*

**Payment Amount**

| Borrower Name(s) | Steven Moehling<br>5420 Old Ranch Rd |
|---|---|
| Account Number | 0017539180 |

**Payment Date 08/01/2020:  $-860.29**

Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

☐ Change of address or telephone? If so, check here and note changes on back.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not sent your payments to us. Instead you should send your payment to the Trustee.

| Monthly Payment | $ |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| | |
| **Total Amount Enclosed** | $ |

2771 0017539180 0000168219 0000173662 0

Exhibit J

United States Bankruptcy Court
Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 Hon. - Christopher B. Latham

**EXHIBIT J**

DECEMBER 2020, JANUARY, FEBRUARY 2021 DEBTOR MORTGAGE
STATEMENTS

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§
524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h)
& (i))

Sources:
- Select Portfolio Servicing, Inc.

Final months of the Stipulation arrears period:

**December 2020 Statement:**

**"Transaction Activity" (11/14/2020 – 12/15/2020) box reflects:**

- Unapplied Balance of **$8,619.17** ($7,681.36 on 11/14/2020, plus $913.55 and $24.26 on 11/16/2020). Debtor facing History Report reflects **$13.89** at that time, and the 4100R Reconciliation Report filed on March 11, 2024, reflects **negative--$1,658.23.**
- Incoming Debtor Western Union payment of **$2,650.00** on 11/16/2020. This is the transaction where Certified Funds were held for weeks and returned in December 2020.
- Insertion of **$5,046.57** into Unapplied Balance on 11/23/2020
- Recording of Three (3) mortgage payments from suspense that are omitted from the 4100R Reconciliation Report designating these as pre-petition payments. The problem here is that as of November 23, 2020, the Trustee had only submitted **$3,684.77 creating a $1,721.80 commitment of Debtor's Post-Petition funds to complete the transaction.**
- **Another negative Amount Due of -$608.66.**

**"Top Header Box" (Includes Account Number, Property Address) reflects:**

- Post-Petition Due Date: 01/01/2021
- Statement Due Date: 01/01/2021
- **Debtor Account is Current**

26

Exhibit J

**January 2021 Statement:**

**"Top Header Box" (Includes Account Number, Property Address) reflects:**

- Post-Petition Due Date: 01/01/2021 (January 2021 payment received on January 15)
- Statement Due Date: 02/01/2021
- **Debtor Account is Current**

**February 2021 Statement:**

**"Transaction Activity" (01/13/2020 –2/12/2021) box reflects:**

- Reflects the January 15, 2021, payment above
- Even after inserting **$5,406.57** on November 23, 2020, and applying three (3) mortgage payments, suspense now shows **$4,348.03** on 2/12/2021 and still accumulating.

**"Top Header Box" (Includes Account Number, Property Address) reflects:**

- Post-Petition Due Date: 03/01/2021
- Statement Due Date: 03/01/2021
- First mortgage statement after completion of the arrears period
- **Debtor Account is Current**

Exhibit J

**SPS** SELECT Portfolio SERVICING, INC.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date: 12/15/2020
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 1987796 000056656 1300 P2

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD |
| | OCEANSIDE CA 92057 |
| Post Petition Due Date | 01/01/2021 |
| Statement Due Date | 01/01/2021 |
| **Payment Amount** | **$-608.66** |

### Explanation of Payment Amount (Post Petition)

| | | |
|---|---|---|
| Principal | | $318.76 |
| Interest | | $1,010.65 |
| Escrow (Taxes and Insurance) | | $371.70 |
| **Regular Monthly Payment** | | 1,701.11 |
| Other Charges and Fees | | $0.00 |
| Charges / Fees this Period | $0.00 | |
| Past Unpaid Amount(s) | | $0.00 |
| Unapplied Payment(s) [3] | | $2,309.77 |
| **Total Payment Amount** | | **$-608.66** |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy.

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $258,747.08 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal [1] | $355,741.67 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

### Bankruptcy Message

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

### Transaction Activity (11/14/2020 to 12/15/2020)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 11-14 | BEG BALANCE | $357,249.73 | $16,338.05 | $4,479.54 | $0.00 | (37,681.36) | $0.00 | $1,302.00 | $371,687.96 |
| 11-16 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (913.55) | 0.00 | 0.00 | (913.55) |
| 11-16 | PAYMENT | (299.23) | (1,036.18) | (352.78) | 0.00 | (24.26) | 0.00 | 0.00 | (1,708.45) |
| 11-23 | PAYMENT | (300.42) | (1,028.99) | (352.78) | 0.00 | 5,046.57 | 0.00 | 0.00 | 3,364.38 |
| 11-23 | PAYMENT | (301.61) | (1,027.80) | (352.78) | 0.00 | 0.00 | 0.00 | 0.00 | (1,682.19) |
| 11-23 | PAYMENT | (302.80) | (1,026.61) | (352.78) | 0.00 | 0.00 | 0.00 | 0.00 | (1,682.19) |
| 11-24 | PAYMENT | 0.00 | 0.00 | 2,000.00 | 0.00 | 2,000.00 | 0.00 | 0.00 | 0.00 |
| 11-24 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (500.00) | 0.00 | 0.00 | (500.00) |
| 11-25 | BORROWER FUNDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 116.16 | (116.16) |

Continued On Next Page

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $1,508.06 | $3,859.83 |
| Interest | $5,138.99 | $13,422.50 |
| Escrow (Taxes and Insurance) | $1,763.90 | $5,763.17 |
| Fees and Other Charges | $116.16 | $116.16 |
| Partial Payment (Unapplied) | $-5,407.11 | |
| Total | $3,236.16 | $23,161.66 |
| Total Unapplied Balance | $2,390.41 [3] | |

### Important Messages

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

[1] This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| | |
|---|---|
| Paid Last Month | $500.00 |
| Total Paid During Bankruptcy | $4,095.38 |
| Current Balance | $12,739.92 |

This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments.

*Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.*

### Payment Amount

| Borrower Name(s) | Steven Moehling |
|---|---|
| | 5420 Old Ranch Rd |
| Account Number | 0017539180 |

**Payment Date 01/01/2021: $-608.66**
Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

☐ Change of address or telephone? If so, check here and note changes on back.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not sent your payments to us. Instead you should send your payment to the Trustee.

| | |
|---|---|
| Monthly Payment | $ . |
| Additional Principal | $ . |
| Additional Escrow | $ . |
| Late Fees | $ . |
| Other (Please Specify) | $ . |
| | |
| **Total Amount Enclosed** | $ . |

2771 0017539180 0000170111 0000175554 2

Exhibit J

**SPS SELECT Portfolio SERVICING, inc.**
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date:01/12/2021
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 1994821 000042429 1300   P2

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD OCEANSIDE CA 92057 |
| Post Petition Due Date | 01/01/2021 |
| Statement Due Date | 02/01/2021 |
| **Payment Amount** | **$1,092.45** |

### Explanation of Payment Amount (Post Petition)

| | | |
|---|---|---|
| Principal | | $320.02 |
| Interest | | $1,009.39 |
| Escrow (Taxes and Insurance) | | $371.70 |
| **Regular Monthly Payment** | | 1,701.11 |
| Other Charges and Fees | | $0.00 |
| Charges / Fees this Period | $0.00 | |
| Past Unpaid Amount(s) | | $1,701.11 |
| Unapplied Payment(s) [3] | | $2,309.77 |
| **Total Payment Amount** | | **$1,092.45** |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy.

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $258,747.08 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal [1] | $355,741.67 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

### Bankruptcy Message

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

### Transaction Activity  (12/16/2020 to 01/12/2021)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 12-16 | BEG BALANCE | $355,741.67 | $12,209.71 | $2,715.64 | $0.00 | ($2,390.41) | $0.00 | $1,185.84 | $369,462.45 |
| 12-23 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (500.00) | 0.00 | 0.00 | (500.00) |
| 01-12 | ENDING BALANCE | $355,741.67 | $12,209.71 | $2,715.64 | $0.00 | ($2,890.41) | $0.00 | $1,185.84 | $368,962.45 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $500.00 | |
| **Total** | **$500.00** | **$0.00** |
| Total Unapplied Balance | $2,890.41 [3] | |

### Important Messages

All communication sent to you by SPS is always available on our website: www.spservicing.com. For faster access to written communication and documents, please log in to your customer account on our website to view.

[1] This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| Paid Last Month | $500.00 |
|---|---|
| Total Paid During Bankruptcy | $4,595.38 |
| Current Balance | $12,239.92 |

This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments.

**Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.**

### Payment Amount

| Borrower Name(s) | Steven Moehling 5420 Old Ranch Rd |
|---|---|
| Account Number | 0017539180 |

**Payment Date 02/01/2021: $1,092.45**
Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

☐ Change of address or telephone? If so, check here and note changes on back.

**If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not sent your payments to us. Instead you should send your payment to the Trustee.**

| | |
|---|---|
| Monthly Payment | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| | |
| **Total Amount Enclosed** | $ |

2771 0017539180 0000170111 0000175554 2

Exhibit J

**SPS** SELECT *Portfolio* SERVICING, inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date: 02/12/2021
Page 1 of 3

Customer Service: (800) 258-8602
Monday - Thursday 8:00AM - 11:00PM ET
Friday 8:00AM - 9:00PM ET
Saturday 8:00AM - 2:00PM ET

*For other important information, see reverse side*

• 2001347 000043977 1300   P2

Steven Moehling
5420 Old Ranch Rd
Oceanside, CA 92057-5505

| Account Number | 0017539180 |
|---|---|
| Property Address | 5420 OLD RANCH RD |
| | OCEANSIDE CA 92057 |
| Post Petition Due Date | 03/01/2021 |
| Statement Due Date | 03/01/2021 |
| **Payment Amount** | **$-1,528.44** |

**Explanation of Payment Amount (Post Petition)**

| | |
|---|---|
| Principal | $321.29 |
| Interest | $1,008.12 |
| Escrow (Taxes and Insurance) | $371.70 |
| **Regular Monthly Payment** | **1,701.11** |
| Other Charges and Fees | $0.00 |
| Charges / Fees this Period | $0.00 |
| Past Unpaid Amount(s) | $0.00 |
| Unapplied Payment(s) ³ | $3,229.55 |
| **Total Payment Amount** | **$-1,528.44** |

The Payment Amount does not include any amount that was past due before you filed for bankruptcy.

**Account Information**

| | |
|---|---|
| Interest Bearing Principal | $258,135.47 |
| Deferred Principal | $96,994.59 |
| Outstanding Principal | $355,130.06 |
| Interest Rate (Until Oct. 2035) | 4.750% |
| Post Petition Interest Rate | 4.750% |
| Prepayment Penalty | No |

**Bankruptcy Message**

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.

**Transaction Activity  (01/13/2021 to 02/12/2021)**

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total ¹ |
|---|---|---|---|---|---|---|---|---|---|
| 01 13 | BEG BALANCE | $355,741.87 | $13,219.16 | $2,715.64 | $0.00 | ($2,890.41) | $0.00 | $1,185.84 | $369,971.84 |
| 01 15 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (913.50) | 0.00 | 0.00 | (913.50) |
| 01 15 | PAYMENT | (305.20) | (1,024.21) | (352.78) | 0.00 | 24.31 | 0.00 | 0.00 | (1,736.50) |
| 01 29 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (500.00) | 0.00 | 0.00 | (500.00) |
| 02 12 | PAYMENT | (306.41) | (1,023.30) | (352.78) | 0.00 | (19.81) | 0.00 | 0.00 | (1,702.00) |
| 02 12 | ENDING BALANCE | $355,130.06 | $11,171.89 | $2,010.08 | $0.00 | ($4,348.03) | $0.00 | $1,185.84 | $365,149.84 |

**Past Payments Breakdown**

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $611.61 | $611.61 |
| Interest | $2,047.21 | $2,047.21 |
| Escrow (Taxes and Insurance) | $705.56 | $705.56 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,457.62 | |
| **Total** | **$4,822.00** | **$3,364.38** |
| Total Unapplied Balance | $4,348.03 ³ | |

**Important Messages**

All communication sent to you by SPS is always available on our website: www.spservicing.com.  For faster access to written communication and documents, please log in to your customer account on our website to view.

¹ This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side

**Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)**

| | | |
|---|---|---|
| Paid Last Month | $500.00 | This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments. |
| Total Paid During Bankruptcy | $5,095.38 | |
| Current Balance | $11,739.92 | |

*Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.*

**Payment Amount**

| Borrower Name(s) | Steven Moehling |
|---|---|
| | 5420 Old Ranch Rd |
| Account Number | 0017539180 |

**Payment Date 03/01/2021: $-1,528.44**
Make checks payable to: Select Portfolio Servicing

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT 84165-0450

☐ Change of address or telephone? If so, check here and note changes on back.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, do not sent your payments to us. Instead you should send your payment to the Trustee.

| Monthly Payment | $ |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| | |
| **Total Amount Enclosed** | $ |

2771 0017539180 0000170111 0000175554 2

Exhibit K

United States Bankruptcy Court

Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13 - Hon. Christopher B. Latham

## EXHIBIT K

WESTERN UNION FORMAL REQUEST AND VERIFICATION OF DECEMBER 2020 TRANSACTION

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§ 524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h) & (i))

Sources:

- Western Union
- Debtor

Once Debtor became aware that SPS officially claimed to have sent the Certified Funds back to Western Union in December 2020 through a random SPS call with a customer service representative, Debtor contacted Western Union and was told that all Transaction Reports would reflect any transactions INCLUDING any returns. Debtor was informed that he could also submit a written formal request including the date and MTCN tracking number. Since SPS did not disclose which payment was returned, Debtor included both the October and November 2020 MTCN's as December 2020 and January 2021 were sent via Cashier's Checks.

The enclosed correspondence confirms that SPS received, and was in possession of "Certified", not "insufficient funds" as identified in Resolution Letter 5, 6, and 7. In addition, Western Union confirmed that there was no record of a returned payment as of September 6, 2024, nearly four years later. The attached email exchange identifies the result.

31

Exhibit K

 Gmail                                        **Steven Moehling <sandiegan760@gmail.com>**

## Re: Your money transfer history request [ ref:!00D150F40r.!5006O02M2AaU:ref ]

**Steven Moehling** <sandiegan760@gmail.com>                          Mon, Sep 2, 2024 at 1:50 PM
To: "customeraccess.request@westernunion.com" <customeraccess.request@westernunion.com>
Bcc: Steven Moehling <sandiegan760@gmail.com>

Thank you for sending this.  However, the customer who received these funds has stated that they sent the funds back to Western Union and are demanding this money again even though I sent this money in cash and was never notified by either party; four years later.  Can you verify if either of these transactions were returned.  If so, how can I retrieve them or have them resent to the original recipient?

I appreciate your assistance.

Steve Moehling

On Fri, Aug 16, 2024 at 1:14 PM customeraccess request@westernunion.com
<customeraccess request@westernunion.com> wrote:
    Hi Steven,

    All set – we've completed your money transfer history request and attached a copy for your review.

    Thanks for choosing Western Union.

    Dakshita S.

    ---

    For additional questions, get in touch with us through the Contact us section at westernunion.com. Please read our Privacy Statement to find out how we process your personal data.

    ref:!00D150F40r.!5006O02M2AaU:ref

    The information transmitted, including any content in this communication is confidential, is intended only for the use of the intended recipient and is the property of The Western Union Company or its affiliates and subsidiaries. If you are not the intended recipient, you are hereby notified that any use of the information contained in or transmitted with the communication or dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the Western Union sender immediately by replying to this message and delete the original message

Exhibit K

 Gmail

**Steven Moehling <sandiegan760@gmail.com>**

## Your money transfer was sent to the biller [ ref:!00D150F40r.!5006O02PcYfN:ref ]

1 message

no-reply-wucare@westernunion.com <no-reply-wucare@westernunion.com>
To: "sandiegan760@gmail.com" <sandiegan760@gmail.com>

Fri, Sep 6, 2024 at 10:31 AM

Hi **Steven**,

Thanks for reaching out about your money transfer status.

Our records show that your money transfer with MTCN 032-782-3779 has already been sent to your selected biller and paid on 10/12/2020, You may contact the biller to confirm that they have received the funds.

Our records show that your money transfer with MTCN 417-129-6278 has already been sent to your selected biller and paid on 11/13/2020, You may contact the biller to confirm that they have received the funds.

If you have questions or concerns about your transfer, please contact our Quick Collect Customer Care team at 1-800-238-5772 for further assistance.

Thanks for choosing Western Union.

**Rajesh D**

For additional questions, get in touch with us through the **Contact us** section at westernunion.com. Please read our Privacy Statement to find out how we process your personal data.

ref:!00D150F40r.!5006O02PcYfN:ref

The information transmitted, including any content in this communication is confidential, is intended only for the use of the intended recipient and is the property of The Western Union Company or its affiliates and subsidiaries. If you are not the intended recipient, you are hereby notified that any use of the information contained in or transmitted with the communication or dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the Western Union sender immediately by replying to this message and delete the original message

Exhibit L

United States Bankruptcy Court

Southern District of California

In re: Steven Moehling
Case No. 19-03857-CL13

**EXHIBIT L**

SELECT PORTFOLIO SERVICING, INC., RESOLUTION LETTER 7 – RESPONSE TO DEBTOR'S FTC COMPLAINT AND SUBSEQUENT CFPB DEMAND FOR RESPONSE

(Prepared in support of Motion To Enforce Discharge Injunction under 11 U.S.C. §§ 524(a)(2) § 524(i), AND 105(a) and for Final Cure Determination under Rule 3002.1(h) & (i))

Sources:

Select Portfolio Servicing, Inc.

This letter therefore forms the end of the evidentiary chain and reinforces the need for judicial review of SPS's 4100R-based conduct.

Key Items to Observe in the Resolution Letter:

- Completely dismissive from the first paragraph and nearly verbatim of the March 5, 2025, Resolution Letter 6 of 7 when SPS permanently and unilaterally closed the dispute.

- "Four months where payments were missed during bankruptcy: May 2021, August 2021, October 2021, June 2022, and December 2023.".
    6) May 2021 recorded by SPS on 6/2/21
    7) August 2021 recorded by SPS on 9/9/21
    8) October 2021 recorded by SPS on 11/2/21
    9) June 2022 recorded by SPS on 7/12/22
    10) December 2023 recorded by SPS on 01/02/24

- "There was a total of three payments that were returned as insufficient funds in the months of December 2020, August 2022, and January 2024"
    1) December 2020 (Return of Certified Funds is not "Insufficient" and no information has ever been produced regarding this transaction and should be **Precluded** from admission as this has information has been withheld for more than 5 years.

34

Exhibit L

> 2) August 2022 was an ACH **rerun** that was satisfied three days later on 8/19/22.
> 3) January 2024 was an ACH **rerun** that was satisfied four days later on 1/30/24.

- Identifies the March 25, 2024, payment which was a portion of the $6,021.17, again failing to account for the total delinquency, only identifying the delinquency that carried forward. No specific months missed in ALL seven (7) Resolution Letters.

Exhibit L

 **SPS** SELECT
Portfolio
SERVICING, inc.

September 15, 2025

STEVEN MOEHLING
5420 OLD RANCH RD
OCEANSIDE, CA 92057

**Account No:**       0017539180
**File No:**          250829-23631360
**Property Address:** 5420 OLD RANCH RD
                      OCEANSIDE, CA 92057

Dear STEVEN MOEHLING,

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above-referenced account, received an inquiry, which was forwarded to us by the Consumer Financial Protection Bureau (CFPB) on August 29, 2025. In the inquiry, you raised questions regarding:

- Payments / Bankruptcy
- Credit Reporting
- Allegations

We have completed a full review of the inquiry and the account. Our response is below. A copy of this letter will be sent to the CFPB.

**Payments / Bankruptcy**

In the inquiry, you raised questions regarding the payment application and bankruptcy. SPS has thoroughly reviewed this matter multiple times and has sent you several written responses that informed you not only of its findings but also of its position on this issue. While SPS regrets that you remain dissatisfied, our position remains unchanged. For your reference, we have enclosed copies of the Response Letters (without enclosures) SPS sent to you on July 31, 2024, September 12, 2024, October 17, 2024, December 11, 2024, and March 5, 2025.

To reiterate, there were a total of nine payments that were delinquent at the time of the bankruptcy filing, which were included in the filed Proof of Claim. The payments were due from October 1, 2018, to June 1, 2019, each in the amount of $1,680.90, for a total of $15,128.10. Also included in the filed Proof of Claim was a valuation cost of $89.00 from September 10, 2018; inspection costs of $15.00 each, totaling $60.00 assessed on August 13, 2018, October 4, 2018, November 9, 2018, December 13, 2018, foreclosure fees assessed in the amount of $285.00 on January 23, 2019; foreclosure costs of $675.00 assessed on January 9, 2019, $92.00 on January 23, 2019, and $101.00 on May 9, 2019, totaling $868.00, escrow funding on July 9, 2019, for $405.20; and unapplied funds in the amount of $410.61. Total arrears at the time of the bankruptcy filing were $16,424.69, which SPS included in the details of the filed Proof of Claim on September 6, 2019. The total disbursements received from the trustee and applied to the pre-petition arrears in the amount of $16,424.69 were completed by October 12, 2023.



Exhibit L

During the bankruptcy, your account became post-petition delinquent and SPS filed a Motion for Relief with the Court which later entered into an Agreed Order on April 27, 2020, to cure the post-petition defaults in the total amount of $8,221.90 by remitting additional payments of $913.55, including the on-going post-petition payment of $1,701.11 commencing on May 15, 2020, through to the last payment installment amount of $913.50 by January 15, 2021. At the end of the stipulation period, which was January 2021, the total amount of funds that were received and not returned was $20,930.00, which was short $2,526.21 from the total amount due of $23,456.21. In February 2021, due to SPS not receiving all of the required ongoing payments, as well as the last stipulation payment, the account was delinquent.

In addition, throughout the life of the bankruptcy, there were four months where payments were missed: May 2021, August 2021, October 2021, June 2022, and December 2023. Two payments were received in the months of June 2021, September 2021, November 2021, and January 2024. There was a total of three payments that were returned as insufficient funds in the months of December 2020, August 2022, and January 2024. The trustee filed a notice of final cure, to which SPS filed a response in March 2024 advising the trustee and the court that the pre-petition amounts from the filed Proof of Claim were paid in full; however, the account was post-petition due for December 2023. Following the filing of the response, SPS received an additional payment from you on March 25, 2024, which paid the December 2023 payment. When the account was discharged and SPS removed the bankruptcy indicators, the account was due for the January 1, 2024, payment. Please see the enclosed Chapter 13 Filed Payment Change Reconciliation and SPS Transaction History for review.

**Credit Reporting**

In the inquiry, SPS' credit reporting processes were questioned. Please know that our legal and contractual obligations guide SPS on how to report an account's status to the credit reporting agencies (CRAs).

Our review of the information provided to the CRAs by SPS confirms that the reported information matches the status of the account. Based on this, we will not be requesting an update to the information we provided.

SPS reports credit information to Equifax, Experian, TransUnion, and Innovis. If a report from any other source, or reporting from a different entity is being reviewed, please be advised we are unable to review or update that source.

**Allegations**

In the inquiry, you raised several claims regarding fraud, legal violations, deceptive practices, and stated that SPS intentionally provided misinformation. SPS has reviewed your claims and finds no merit to your allegations. SPS is confident that the servicing of the account by SPS has been compliant with all applicable state and federal regulations.

As of the date of this letter, the account is due for September 1, 2025.

Exhibit L

We appreciate the opportunity to address the issue(s) noted in the inquiry. Should any further questions arise, please contact our Customer Service Department at 800-258-8602. Representatives are available Monday through Friday 8:00 a.m. to 8:00 p.m., and Saturday between 8:00 a.m. to 3:00 p.m., Eastern Time. The SPS website www.spservicing.com may also be used to access account information, schedule payments, and review loss mitigation status.

Sincerely,

Zachary Rogers
Customer Advocate

cc:                        CFPB

Enclosure(s)

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámennos al número 800-831-0118 y seleccione/marque la opción 2

**This is in response to your request for information**



0031219100017031700

**DECLARATION OF DEBTOR**

IN SUPPORT OF ADDENDUM TO MOTION TO ENFORCE DISCHARGE INJUNCTION AND FINAL CURE DETERMINATION UNDER RULE 3002.1(h) & (i)

**I, Steven Moehling, declare as follows:**

1. I am the Debtor in the above-captioned Chapter 13 case. I make this Declaration in support of the Addendum to my Motion to Enforce the Discharge Injunction under 11 U.S.C. §§ 524(a)(2) and 524(i), and for a Final Cure Determination under Federal Rule of Bankruptcy Procedure 3002.1(h) and (i). I have personal knowledge of the facts stated herein and, if called to testify, I could and would testify competently to them.

2. During my Chapter 13 case, I made all required post-petition ongoing mortgage payments and all required Stipulation arrears payments through certified funds, including Western Union transactions and cashier's checks, during the period May 2020 through January 2021.

3. The Western Union records attached as Exhibit H to the Addendum accurately reflect the certified-funds payments debtor made to Select Portfolio Servicing, Inc. ("SPS") during the Stipulation arrears period. These records were obtained directly from Debtor's Western Union account.

4. The mortgage account statements attached as Exhibits I, and J to the Addendum are true and correct copies of the monthly statements I received from SPS during the periods May 2020 through July 2020, and December 2020 through February 2021.

5. To the best of my knowledge and observation, the borrower-facing mortgage statements and the borrower-facing Transaction History Report did not reflect several internal accounting entries later presented by SPS in its March 11, 2024, Form 4100R, including certain payment entries dated May 30, 2020; July 13, 2020; August 10, 2020; October 12, 2020; and January 15, 2021.

6. At no time during the Chapter 13 plan did I receive from SPS any Notice of Payment Change, Notice of Post-Petition Fees, Notice of Mortgage Payment Adjustment, or other notice under Rule 3002.1(b) or (c) indicating that I was delinquent on post-petition payments or that suspense activity affected my account status.

7. I reviewed the Trustee's Notice of Final Cure and the Trustee ledger filed in my case. To my knowledge, neither document identified any post-petition delinquency.

8. Debtor made additional mortgage payments which SPS accepted and applied, including a full payment in March 2024 and a Suspense "Short Payment" payment on April 23, 2024.

9. I did not receive any amended Form 4100R or corrected statement from SPS updating the delinquency figure after those post-discharge payments were credited.

10. The Resolution Letters sent to Debtor by SPS after discharge, including the September 15, 2025, letter attached as part of Exhibit L, contain information and delinquency assertions that differ materially from the information included in SPS's March 11, 2024, Form 4100R.

11. The exhibits attached to the Addendum are true and correct copies of the documents I received from SPS, Western Union, or obtained from the court docket, except where labeling, exhibit numbering, or formatting enhancements were made for clarity.

12. I submit this Declaration solely to authenticate the attached records and to confirm the accuracy of the payment records and communications I received, based on my personal knowledge.

---

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on: December 11, 2025

At: Oceanside, CA (City, State)

**Steven Moehling**
Debtor, Pro Se

Respectfully submitted,

Dated: December 11, 2025

_____

Steven Moehling
Pro Se Debtor

In re:
STEVEN MOEHLING, Debtor
Case No. 19-03857-CL13
Chapter 13

---

CERTIFICATE OF SERVICE

Re: ADDENDUM – 4100R EVIDENTIARY SUMMARY
*(Supplement to Motion to Enforce Discharge Injunction) and for*
*Final Cure Determination under Rule 3002.1(h) & (i))*

I, Steven Moehling, declare:

I am the Debtor in the above-captioned case and am over the age of 18. I am not a party to any action against any of the entities listed below other than as Debtor in this bankruptcy case. My address and the related mortgage is 5420 Old Ranch Road, Oceanside, CA 92057.

On December 11, 2025, I served a true and correct copy of the following document:

ADDENDUM – 4100R EVIDENTIARY SUMMARY
*(Supplement to Motion to Enforce Discharge Injunction) and for*
*Final Cure Determination under Rule 3002.1(h) & (i))*

by placing a copy in a sealed envelope with proper postage prepaid, and depositing it in the United States Mail, addressed as follows:

---

Creditor – Wells Fargo Bank, National Association. (Claim Holder)

Wells Fargo Bank, National Association
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

---

Servicer – Select Portfolio Servicing, Inc.

Select Portfolio Servicing, Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

---

Select Portfolio Servicing, Inc. (Corporate Correspondence)
P.O. Box 65250
Salt Lake City, UT 84165-0250

Counsel of Record in Bankruptcy Case No. 19-03857-LT13

Tiffany & Bosco, P.A.
Attn: Bankruptcy Department
2525 East Camelback Road, Suite 700
Phoenix, AZ 85016

Counsel for Creditor / Servicer (Post-Discharge Matters)

Kutak Rock LLP
Attn: Steven Dailey
5 Park Plaza, Suite 1500
Irvine, CA 92614

Office of the United States Trustee
Southern District of California
880 Front Street, Suite 3230
San Diego, CA 92101

Chapter 13 Trustee (Courtesy Notice)
Michael Koch, Chapter 13 Trustee
402 W. Broadway, Suite 1450
San Diego, CA 92101-8544

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **December 11, 2025**, at Oceanside, California.

**Steven Moehling**
Debtor, Pro Se