**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

FILED $\beta C$

2026 APR -0  AM 8:45

CLERK
U.S. BANKRUPTCY CT
SOUTH DIST OF CALIF.

In re:                              Case No. 19-03857-CL13

**STEVEN M. MOEHLING,**           Chapter 13
        **Debtor.**

_____/


**STEVEN M. MOEHLING,**

 **Appellant,**

v.


**SELECT PORTFOLIO SERVICING, INC.**

**WELLS FARGO BANK, N.A.,**
**AS TRUSTEE FOR SECURITIZED ASSET BACKED**
**RECEIVABLES LLC TRUST 2006-FRI**
**MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 FR1**


**Appellees.**

_____/


**DESIGNATION OF RECORD ON APPEAL**

**AND**

**STATEMENT OF ISSUES ON APPEAL**


Steven M. Moehling
5420 Old Ranch Road
Oceanside, CA 92057
Tel: 760-689-0966
Email: sandiegan760@gmail.com


1

03857 dcs
14 $\beta C$

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

## TABLE OF CONTENTS

I.      INTRODUCTION...............................................................................3

II.     JURISDICTIONAL STATEMENT....................................................3

III.    PRELIMINARY STATEMENT AND STATEMENT OF THE CASE........ 3-6

IV.     STATEMENT OF ISSUES ON APPEAL ...........................….….. 6-8

V.      ORDERS AND DISPOSITION ......................................................... 8

VI.     STATEMENT OF THE CASE AND FACTS...................................... 8-10

VII.    DESIGNATION OF RECORD .........................................…............... 10

        A. Orders and Rulings Appealed...................................................... 10

        B. Core Case Foundation & Framework............................................. 10

        C. Trustee Affirmations of Compliance & Rule 3002.1 Accounting............. 10-11

        D. Claims Register........................................................................ 11

        E. Appellee's Contested Filings....................................................... 11

        F. Motion to Enforce Pleadings & Evidentiary Exhibits..........................11-12

        G. General Designation.................................................................. 12

VIII.   CONCLUSION............................................................................ 12

IX.     CERTIFICATE OF SERVICE....................................................... 13-14

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

## I.      INTRODUCTION

Appellant, Steven M. Moehling, appearing *pro se*, appeals the Memorandum Decision and Order Denying Appellant's Motion to Enforce the Discharge Injunction (**ECF 75**). This appeal challenges the Lower Court's failure to recognize a willful violation of the discharge injunction and misapplication of payments by Select Portfolio Servicing, Inc. ("Appellee").  The Appellant's compliance was consistently validated by the Chapter 13 Trustee for four years, including final validation by Successor Trustee Michael Koch (**ECF 41**). The Order below should be reversed because Appellee's 2024 'reconstruction' is irreconcilable with its own **historical internal documents** including the 'Bankruptcy Plan Setup Report' (**Exhibit C**). This **discrepancy in the certified record** verifies the satisfaction of all obligations just seven days prior to the conflicting 4100R, creating a material dispute regarding the **completeness of the Appellee's evidence** that the Lower Court failed to resolve.

## II.      JURISDICTIONAL STATEMENT

The Bankruptcy Appellate Panel has jurisdiction under **28 U.S.C. § 158(a)(1) and (b)(1)**. The Order (**ECF 75**), entered March 26, 2026, is a final, appealable order. The Notice of Appeal was timely filed within the 14-day period prescribed by **Fed. R. Bankr. P. 8002(a)(1)**.

## III.      PRELIMINARY STATEMENT AND STATEMENT OF THE CASE

The Appellant's mortgage was judicially reset via the Stipulation Granting Adequate Protection (**ECF 23-26**) on April 28, 2020, **governing the payment cycle and cure commencing May 1,**

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

**and May 15, 2020, respectively.".** This Stipulation, including all Provisions, served as the "Law of the Case." Provision 5 of that agreement mandated: ***"In the event of any future default on any of the above-described provisions, inclusive of the Stipulation, Movant shall provide written notice to Debtor...".*** No such notice was ever issued or filed throughout the four-year life of the plan after entry of the Stipulation.

- **Factual Contradiction of the "Default" Narrative:** The Lower Court committed reversible error by relying on a 2023 administrative modification (**ECF 37**) to retroactively anchor a purported 2020 default. This 'judicial misapplication' also ignored the mandatory notice provisions of **ECF 25** and created a material breach where none existed at the time of the alleged occurrence. This undermined mandated due process protections which neither the Appellee nor the Trustee raised at the time.

- **Trustee Affirmation**: On November 13, 2020, seven months into the nine-month cure period, the Trustee filed a Periodic Report (**ECF 28**) confirming the account was current during the active cure period and would do so throughout the entire Plan over 4 years and through two separate Trustees via a retirement transition.

- **Appellee Affirmation**: The Appellee recognized the reset upon entry of the Stipulation by declaring the May 1, 2020, post-petition due date in Appellant's May 2020 Mortgage Statement (**Exhibit I**). Furthermore, the Appellee's February 2021 Mortgage Statement (**Exhibit J**) explicitly verified Cure completion as "Past Unpaid Amount of $0.00 and a post-petition due date of 3/1/21."

The Lower Court lacked the authority to retroactively strip the Appellant of his due process protections by treating the mandated Provision 5 reset as a matter of Appellee's 'discretion' or 'choice.' By allowing the general procedures of Rule 3002.1 to override a specific Court Order, the Court sanctioned a retroactive substitution of the bargained-for notice requirements.

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

**Actual Performance Under the Intended Reset Schedule:** The following payments are extracted from Appellee's own 4100R contradicting the (**ECF 71**) "days late":

**MAY 2020 (Pmt 1):** $1,300.00 posted 05/04/2020 (**Treated in suspense ECF 71 ¶19**)

**MAY 2020 (Pmt 2):** $1,300.00 posted 05/19/2020 (**Contractual & Arrears Cured in 18 Days**)

**JUNE 2020:** Contractual payment posted 05/30/2020 (**EARLY**)

**JULY 2020:** Contractual payment posted 06/15/2020 (**16 Days EARLY**)

**AUGUST 2020:** Contractual payment posted 07/13/2020 (**19 Days EARLY**)

**SEPTEMBER 2020:** Contractual payment posted 08/10/2020 (**22 Days EARLY**)

**OCTOBER 2020:** Contractual payment posted 09/14/2020 (**17 Days EARLY**)

**NOVEMBER 2020:** Contractual payment posted 10/12/2020 (**20 Days EARLY**)

**DECEMBER 2020:** Contractual payment posted 11/16/2020 (**18 Days EARLY**)

**JANUARY 2021:** Contractual payment posted 12/08/2020 (**24 Days EARLY**)

**FEBRUARY 2021:** Contractual payment posted 01/15/2021 (**17 Days EARLY**)

**Material Misapplication of Payments and Arrears Cured In Time**

Despite recorded compliance, the equivalent of five (5) mortgage payments within the arrears period were held in suspense and **unlawfully** applied to pre-petition obligations in direct contravention of the Stipulation's arrears cure. By omitting these post-petition shifting of funds from the 4100R ledger, Appellee committed a **willful** violation of the Discharge Injunction and a misapplication of payments under § 524(i), which the Lower Court failed to address.

**Post-Discharge Payment Under Duress:** On August 13, 2024, under threat of foreclosure, Appellant was compelled to tender $3,731.90 from retirement funds. This payment was made under protest while the $0.00 balance in **Exhibit C and 4100R delinquency** remained disputed.

5

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

Despite a 90-minute review with Appellee management on August 4, 2024, Appellee's September 12, 2024, resolution letter was yet another 'copy-paste' of prior Letters. Further, Appellee's declaration (**ECF 71, Para. 19**) falsely attributes the August 1, 2024, payment to 'suspense funds,' which is factually irreconcilable with the specific cashier's check provided by Appellant from liquidated retirement funds.

### IV.   STATEMENT OF ISSUES ON APPEAL

1. **Failure to State Findings of Fact and Conclusions of Law (Rule 7052):**

   *Whether the Court committed reversible error under Fed. R. Bankr. P. 7052 by issuing a summary denial (**ECF 75**) that failed to provide the necessary findings of fact or conclusions of law to explain: (a) the retroactive acceptance of a pre-petition delinquency; (b) the disregard of the April 2020 "Reset" Stipulation; and (c) the legal basis for utilizing Form 4100R, and its conflicting versions as an enforcement mechanism.*

2. **Violation of Discharge Injunction (Taggart v. Lorenzen Standard):**

   *Whether the Court erred under the Taggart standard by finding no discharge violation, where Appellee lacked an objectively reasonable basis to utilize Official Form 4100R as the sole predicate for post-discharge enforcement. Specifically, whether there was "no fair ground of doubt" that such enforcement was prohibited by the April 2020 "Reset" Stipulation and the April 2024 Discharge Order.*

3. **Erroneous Application of "Safe Harbor" Protection:**

   *Whether the Court erred in applying the 11 U.S.C. § 524(j) "Safe Harbor" defense where the Appellee's actions—including the misapplication of funds and the extra-judicial*

6

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

*collection of extinguished pre-petition debt—constituted a failure to act in good faith as required by the statute.*

**4. Clear Error in Evidentiary Findings (Western Union Verification)**

*Whether the Bankruptcy Court committed clear error by disregarding uncontroverted third-party evidentiary verification (Exhibit K) proving the Appellee's receipt and retention of certified funds. Specifically, whether the Court erred by accepting the Appellee's unsupported "returned payment" narrative at face value, in direct contradiction to documented transactional proof and the mandatory notice requirements of the April 2020 Stipulation.*

**5. Manifest Injustice of the "Instant Breach" Finding**

*Whether the Court's finding of an "instant breach" on May 4, 2020, constituted a Manifest Injustice by retroactively stripping the Appellant of the procedural safeguards required by Rule 3002.1 and Provision 5 of the Stipulation, effectively bypassing the mandatory notice requirements and time-barring the Appellant from recovering documented certified funds.*

**6. Reliance on Internal Accounting Contradictions (Exhibit C):** *Whether the Court committed clear error by adopting a delinquency figure that is directly refuted by the Appellee's own Internal System of Record (**Exhibit C**), which showed the plan as "Completed" and the balance at "$0." days before the 4100R release.*

**7. Improper Assessment of Post-Closing Fees:**

*Whether the Court erred by failing to address the Appellee's immediate assessment of "FC Costs" (Foreclosure Costs) on the same day as the administrative closing of the case solely relying on the 4100R as the enforcement mechanism.*

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

**8. Breach of Mandatory Condition Precedent (Provision 5):**

*Whether the Appellee is legally precluded from asserting a default because it failed to satisfy the Mandatory Written Notice of Default and Cure Period specifically required by Provision 5 of the May 2020 Stipulation.*

**9. Statutory Preclusion Under Rule 3002.1:**

*Whether the Appellee is barred from recovering fees or claiming a deficiency because it bypassed the Mandatory Procedural Safeguards of Rule 3002.1, failing to file and serve the required Notices of Payment Change during the life of the plan after entry of the Stipulation.*

**V.    ORDERS AND DISPOSITION**

1. **Order Denying Motion to Enforce Discharge Injunction [ECF No. 75], entered March 26, 2026.**

2. **Order/Minutes from Jan 26, 2026. Hearing (ECF No. 70) and PDF Attachment.**

3. **Order/Minutes from Mar 23, 2026. Hearing (ECF No. 74) and PDF Attachment**

4. **Order Approving Stipulation (ECF No. 24 – 26) Reset, Entered April 28, 2020**

5. **Order Discharging Debtor After Completion of Chapter 13 Plan (ECF No. 49) Entered April 4, 2024.**

6. **Administrative Case Closing (ECF No. 53) Entered April 29, 2024.**

**VI.   STATEMENT OF THE CASE AND FACTS**

**1. The 2020 Adequate Protection Stipulation (The "Reset")**

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

In April 2020, following the Appellant's Chapter 13 filing, the parties entered into a Stipulation to Granting Adequate Protection (**ECF No. 25**). This Court-approved agreement reset the mortgage obligation, establishing a monthly payment of $1,682.19 plus a monthly arrears cure of $913.55, effective May 1, 2020. Critically, Provision 5 of the Stipulation mandated that the Appellee provide written notice and a cure period for "any future default... inclusive of this Stipulation." No such notice was ever issued or filed on the record during the four-year life of the plan.

**2. The Trustee's Verification of Compliance**

Throughout the plan's duration, the Standing Trustee monitored the Appellant's compliance with the Court-ordered Reset. On November 13, 2020, the Trustee filed a formal report (**ECF No. 28**) confirming the Appellant was current on all obligations. This status was corroborated by the Appellee's own consecutive billing statements, specifically the February 2021 Mortgage Statement (**Exhibit J**), which verified a "Past Unpaid Amount of $0.00" after completion of the arrears term. Relying on this record of compliance, the Appellant completed the plan, and the Court entered an Order of Discharge on April 4, 2024 (**ECF No. 49**).

**3. The 2024 Post-Discharge Claims**

In March 2024, despite years of silence and the absence of any Provision 5 Notice of Default, or adverse 3002.1 notices, the Appellee filed a Response to Notice of Final Cure (**ECF No. 48**), attaching a reconstructed "4100R Reconciliation." This document retroactively alleged a $6,021.17 delinquency, contradicting the Appellee's own prior $0.00 balance reports and internal Bankruptcy Plan Setup Reports (**Exhibit C**). On 3/26/26, the Lower Court issued a Memorandum Decision (**ECF No. 75**) denying the Appellant's motion, finding an "instant breach" occurred on May 4, 2020, effectively

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

bypassing the notice requirements of the Stipulation and the protections of the discharge injunction. This timely appeal followed.

*"Appellant certifies that the transcript for the January 26, 2026, hearing was timely ordered on April 8, 2026, per Fed. R. Bankr. P. 8009(b)(1)."*

## VII.  DESIGNATION OF RECORD

### A. Orders and Rulings Appealed

1. **ECF No. 75:** Order Denying Motion to Enforce Discharge Injunction.

2. **ECF No. 70:** Court Minutes and Termination of Hearing (01/26/2026).

3. **ECF No. 74:** Court Minutes and Termination of Hearing (03/23/2026).

4. **ECF No. 49:** Order Discharging Debtor.

5. **ECF No. 53:** Order Approving Account and Closing Estate.

### B. Core Case Foundation & Framework

1. **ECF No. 1:** Voluntary Petition.

2. **ECF No. 14:** Order Confirming Chapter 13 Plan.

3. **ECF Nos. 17-18:** Motion for Relief from Stay and Notice of Filing.

4. **ECF No. 23:** Stipulation Granting Adequate Protection.

5. **ECF Nos. 24-26:** Order Regarding Stipulation Granting Adequate Protection.

6. **ECF No. 30/35:** Motion for Approval of Modified Plan.

7. **ECF No. 32:** Status Report re 7/18/2023 Hearing on Motion for Approval

8. **ECF No. 37:** Order Regarding Motion for Approval of Modified Plan.

### C. Trustee Affirmations of Compliance & Rule 3002.1 Accounting

1. **ECF No. 28:** Trustee's Periodic Report (11/13/20).

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

    2. **ECF No. 29:** Trustee's Periodic Report (1/18/22).

    3. **ECF No. 31:** Statement Of Non-Opposition By Chapter 13 Trustee (6/1/23)

    4. **ECF No. 33:** Statement Of Case Status by Chapter 13 Trustee (7/11/23)

    5. **ECF No. 34:** Trustee's Periodic Report (7/11/23)

    6. **ECF No. 36:** Minute Order. Hearing Date 07/18/2023, MATTER: MOTION FOR APPROVAL (Trustee Appearance at Hearing)

    7. Retirement of Chapter 13 Trustee Thomas H. Billingslea, Jr. and Notice of Appointment of Michael Koch, as Successor Trustee

    8. **ECF No. 41:** Chapter 13 Standing Trustees FRBP 2012 Accounting of Prior Administration of Case (12/17/23).

    9. **ECF No. 42:** Chapter 13 Trustee's Notice of Final Cure.

    10. **ECF No. 43:** Trustee's Interim Final Report and Account (03/01/24).

    11. **ECF No. 51:** Chapter 13 Trustee's Final Report and Account. (4/25/24)

**D. Claims Register:** Five (5) Notices of Mortgage Payment Change (07/02/2020–09/19/2023).

**E. Appellee's Contested Filings**

    1. **ECF No. 48:** Response to Notice of Final Cure (Official Form 4100R) (3/11/24).

    2. **ECF No. 65-66:** Opposition to Motion and Request for Judicial Notice.

    3. **ECF No. 69:** Appellee's Objection to New Matters 12/16/25).

    4. **ECF No. 71:** Declaration of SPS in Support of Opposition ("days late pre-stipulation Reset" calculations) (2/23/26) (**Including Exhibits**).

    5. **ECF No. 72:** Appellee's Supplemental Brief in Opposition.

**F. Motion to Enforce Pleadings & Evidentiary Exhibits**

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

1. **ECF No. 54:** Appellant's Motion to Enforce Discharge Injunction (Includes **Exhibit C, Page 30**: Setup Report; **Exhibit D Page 31-33**: Resolution Letters).

2. **ECF No. 67:** Appellant's Reply to Opposition.

3. **ECF No. 68:** Addendum and Evidentiary Summary (Include **Exhibits (H – Pgs 18-20), (I – Pgs 23-25), (J – Pgs 28-30), (K – Pages 31-33), (L – Pgs 36-38** )

4. **ECF No. 73:** Appellant's Reply Regarding Rule 3002.1(h) **(Exhibits M and N).**

5. **Transcript:** Hearing of January 26, 2026 (ordered on April 8, 2026)

6. **Claims Register:** Complete Claims Register for Case No. 19-03857-CL13.

**G. General Designation**

**1. All entries in the Bankruptcy Court Docket.**

## VIII.   CONCLUSION

For the reasons stated, Appellant respectfully requests that the Bankruptcy Appellate Panel **REVERSE** the Lower Court's Order **(ECF 75)** and **ENTER JUDGMENT** in favor of Appellant, finding that Appellee's willful violation of the discharge injunction and misapplication of payments caused material injury under 11 U.S.C. § 524 and §105(a).

Dated: April 8, 2026

Respectfully submitted,

Steven M. Moehling

Appellant, Pro Se

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

CERTIFICATE OF SERVICE

In re:

STEVEN MICHAEL MOEHLING, Debtor

Case No. 19-03857-CL13

Chapter 13

I, Steven Moehling, declare:

I am the Debtor in the above-captioned case and am over the age of 18.

On April 8, 2026, I served true and correct copies of the following documents:

Designation of Record on Appeal

and

Statement of Issues on Appeal

by placing a copy in a sealed envelope with proper postage prepaid, and depositing it in the

United States Mail, addressed as follows:

---

Creditor – Claim Holder

Wells Fargo Bank, National Association
as Trustee for Securitized Trust 2006-FR1
Mortgage Passthrough Certificates, Series 2006-FR1
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

**Moehling v. Select Portfolio Servicing, Inc., et al.**
**Case No. 19-03857-CL13**

---

(Servicer) – Select Portfolio Servicing, Inc.

Select Portfolio Servicing, Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

---

Counsel for Creditor / Servicer

Kutak Rock LLP
Attn: Steven Dailey
5 Park Plaza, Suite 1500
Irvine, CA 92614

---

Office of the United States Trustee
Southern District of California
880 Front Street, Suite 3230
San Diego, CA 92101

---

Chapter 13 Trustee (Courtesy Notice)
Michael Koch, Chapter 13 Trustee
402 W. Broadway, Suite 1450
San Diego, CA 92101-8544

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **April 8, 2026**, at Oceanside, California.

**Steven M. Moehling**
Appellant, Pro Se